UECKER, Respondent, vs. ANTHONY and others, Appellants.

*September 16—October 12, 1943.*

*John P. McGalloway* of Fond du Lac, for the appellants.
*S. Ted Hitzler* of Fond du Lac, for the respondent.

FAIRCHILD, J. The case was brought in and tried to the municipal court of Fond du Lac county. It involves a collision at a city street intersection between the plaintiff's automobile going east and a taxi traveling south. The trial court found the taxi driver causally negligent as to lookout and management; the plaintiff, causally negligent for failing to yield the right of way; their comparative negligences to be fifty-fifty. Judgment was entered on these findings dismissing the complaint with costs.

The circuit court on appeal reversed the judgment and found for the plaintiff on the ground that the plaintiff stopped his car in obedience to an arterial sign and then started, "entering the intersection long before the defendant approached" it, and that the plaintiff had the right of way.

The accident occurred January 10, 1942. Plaintiff was driving east on Fifth street toward Park avenue, an arterial street. Fifth street was icy. Park avenue, while having some ice upon it, had two good well-beaten sets of tracks upon it, worn down to the pavement upon which traffic going both north and south could move. On the south side of Fifth street, eighteen feet west of the curb, there is an arterial stop sign. Plaintiff Uecker stopped approximately twenty-eight feet west of the west curb of Park avenue. While plaintiff was standing, and before he started his car, he saw the taxicab about a half block to the north on Park street. The cab was coming at a rate of at least twenty-five miles an hour. Plaintiff proceeded. The collision occurred in about the center of the intersection, the taxicab striking the plaintiff's car near the left front door, forcing the car against a pole at the southeast corner of the intersection.

Sec. 85.18 (4), Stats., provides that an operator of any vehicle that has come to a full stop at an arterial stop sign, upon entering the artery, shall be subject to the provision of sec. 85.18 (1) which gives the right of way to the vehicle on the right.

The appellants contend that since Fifth street was icy, there would be difficulty involved in starting up from a complete stop; that the fluid drive, such as the plaintiff's car possessed, would aggravate this difficulty, and that a man of ordinary prudence would weigh these factors before entering the intersection. They contend, also, that the taxicab, approaching at the rate of twenty-five miles an hour from the distance of one hundred forty feet would be able to traverse the space in approximately three or four seconds; that a man of ordinary prudence would comprehend this situation, and that failure to take cognizance of the risk and rushing into the intersection, thereby inviting disaster, is negligence.

The contention of the plaintiff is that he, legally possessing the right of way, was not required to yield that right of way to the defendant who, by failing to keep a proper lookout and by failure to have his car under proper control, was the direct cause of the accident. The circuit judge held: "That the plaintiff, Harold C. Uecker, entered the intersection long before the defendant approached the intersection, and that the plaintiff had the right of way at this intersection."

The plaintiff, being at the intersection and the defendant a half block away, unless negligent by reason of inefficient or careless observation on which he based his calculation that he could safely proceed, had a right to rely on the defendant's yielding to him his right of way.

Cases are cited involving negligence by reason of failure to make efficient observation before entering the intersection but there is no evidence of such negligence in this case. Plaintiff stopped at the arterial, saw the approaching car about a half a block from the intersection, and then, availing himself

of his right of way, and relying on the defendant's duty to yield it to him, he started across the intersection. In *Kilcoyne v. Trausch* (1936), 222 Wis. 528, 535, 269 N. W. 276, it was held that after having stopped for the arterial stop sign, and being in the intersection first, one had the right of way over the approaching car from the left, and that Kilcoyne should have yielded the right of way. The court said: "As Rooney was driving at a lawful rate of speed, and had done nothing to indicate that he intended to yield his right of way, and in the exercise thereof had lawfully entered the intersection before Kilcoyne, who was approaching apparently at a speed which should have enabled him to stop in time to avoid a collision, if he exercised due care, Kilcoyne was not entitled to assume that Rooney would yield his right of way, and the latter was not negligent in not doing so. Consequently, the trial court should, as a matter of law, have held that Rooney was not negligent in that respect."

In the case at bar, the same principle holds. The plaintiff had the right of way under the statute. He was not negligent, under the circumstances stated, in not yielding his right of way. And because the defendant had not kept a proper lookout and did not have his car under reasonable control, the fault rests upon him.

Weighed in terms of duty and rights, the evidence points too directly at the fault of the defendant to excuse him from the responsibility for the result. And while a half block is not a great distance from a point of potential collision, the circuit judge was convinced that the situation was such that the plaintiff was so well within the rules of ordinary care that he could not be found to have recklessly or negligently raced into the intersection in the face of apparent danger. The statute governing appeals from the municipal court places the responsibility upon the circuit court to give judgment according to the weight of the evidence and the justice of the case. Sec. 23, ch. 244, Laws of 1921, as amended by ch. 96, Laws

of 1933. In view of the positive finding by the municipal court that defendant was at a considerable distance from the intersection; that he failed to keep a proper lookout and to have his car under control, and those findings being sustained by the evidence, the circuit court was warranted in reaching the conclusion it did.

*By the Court.*—Judgment of the circuit court affirmed.